**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO.  3:08CV-P51-S**

CLARENCE G. FORESTER                                                                            PLAINTIFF

v.

MIKE HAUN *et al.*                                                                                  DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Clarence G. Forester, filed this civil rights action under 42 U.S.C. § 1983

(DN 1).  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A.[1]  For

the reasons set forth below, the Court will dismiss a portion of Plaintiff's claims and allow the

remainder to proceed past initial screening for further development.

**I.**

As Defendants, Plaintiff sued Kentucky State Reformatory and its employee Mike Haun

in their official and individual capacities.  Plaintiff alleges that Defendants violated his right to

be free from cruel and unusual punishment.  Plaintiff explains that his left leg is approximately

six inches shorter than his right leg.  Plaintiff states that he is currently experiencing swelling in

both legs; that his feet "feel broken inside"; and that his left leg, left side, back, crotch, and

stomach hurt severely.  He states that he has reported these problems to Defendant Haun.

According to Plaintiff, Defendant Haun refuses to give Plaintiff "any appointments, x-rays,

MRI, CT scan, or any test which might find out what is wrong or damaged."  Plaintiff also

states that Defendant Haun has refused to give him any pain medication and has falsely stated

in Plaintiff's medical charts that Plaintiff "has no pain from the neck down."  Plaintiff alleges

---

[1]Pursuant to 28 U.S.C. § 1915A, "[t]he court shall review . . . a complaint in a civil action
in which a prisoner seeks redress from a governmental entity or officer or employee of a
governmental entity."  Thus, even though Plaintiff paid the $350.00 filing fee, the Court is still
required to screen his complaint before service on Defendants.  *Id.*

that instead of helping him Defendant Haun has simply told Plaintiff that "this is something that [he is] just going to have to live with and get used to." Plaintiff is seek compensatory and punitive damages as well as injunctive relief.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent

standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A.      Kentucky State Reformatory

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

The Kentucky State Reformatory is part of the the Kentucky Department of Corrections ("DOC"). The DOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250. A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71; *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the neither Kentucky State Reformatory nor DOC are "persons" under the Act, the Court will dismiss the claims against Kentucky State Reformatory for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment[2] acts as a bar to all claims for relief against the

Kentucky State Reformatory.  A state and its agencies, such as the DOC, may not be sued in

federal court, regardless of the relief sought, unless the state has waived its sovereign immunity

under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer*

*Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (l978).[3]  In enacting §

l983, Congress did not intend to override the traditional sovereign immunity of the states.

*Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)).

Accordingly, the Court will also dismiss all claims against Kentucky State Reformatory for lack

of subject matter jurisdiction.

**B.      Official capacity claims for damages against Defendant Haun**

The official capacity claims for damages will be dismissed on two bases.  First,

Defendant, as a state official and employee sued in his official capacity for damages, is

absolutely immune from § 1983 liability under the Eleventh Amendment to the United States

Constitution.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*,

473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State

officials are sued for damages in their official capacity.").  Second, Defendant Haun is not a

"person" subject to suit within the meaning of § 1983 when sued in his official capacity for

---

[2]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[3]*See also Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) ("The district court properly found no claim stated against several of the defendants, including: the Michigan Department of Corrections, which is entitled to Eleventh Amendment immunity.") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 101-02 & n.11); *Reid v. State of Tennessee*, No. 94-6199, 1995 WL 619964, at *1 (6th Cir. Oct. 20, 1995) ("Eleventh Amendment immunity extends to the Tennessee Department of Corrections, as a judgment against it would restrain the state from acting or compel it to act.").

monetary damages.  *Id.* (concluding that a state, its agencies, and its officials sued in their

official capacities for monetary damages are not considered persons for the purpose of a § 1983

claim); *Matthews,* 35 F.3d at 1049 (same).  Consequently, the § 1983 official capacity claim for

damages against Defendant Haun must be dismissed.

C.      **Remaining Claims**

On review, the Court will allow Plaintiff's Eighth Amendment cruel and unusual

punishment claim to proceed against Defendant Haun in his individual capacity for money

damages and in both his individual and official capacities for injunctive relief.  In permitting

those claims to proceed, the Court passes no judgment on the ultimate outcome of the action.

The Court will enter a separate Scheduling Order governing the development of the

remaining claims and will enter a separate Order dismissing all other claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4411.008